\* Page 1

> Local Rule 1.05(c)

"UNITED STATES DISTRICT COURT"
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"Pro Se"

8:22cv 483 SDM-AEP

> RANDY A. HART,   > CASE NUMBER:
  #213864 W/M         TO BE SET.
  Plaintiff,

  Vs.

> SHERIFF, GRADY C. JUDD, JR.,
  [and] POLK COUNTY SHERIFF'S
  DEPARTMENT. **FL.**
  Defendants.                    / Local Rule 1.05(c)

"CIVIL RIGHTS COMPLAINT"
42 U.S.C. § 1983

> Allegations of **Pro Se** complaint of prisoner, seeking to recover damages for claimed injuries and deprivation of rights while held by the defendant**s** in unlawful detention." See Case No.# 8:13-CV-2533-T-30MAP. See the "REVIEW OF DOCUMENTS". **No EVIDENCE.** Allegations such as those asserted by plaintiff/petitioner, however in-artfully pleaded, are sufficient to

N.P                                                    C/File

\* Page 2

> Haines v. Kerner, 404 U.S. 519 (1972)
> Fed. R. App. P. 3

Call for the opportunity to offer supporting evidence. Allegations of PRO se complaint are held to less stringent standards than formal pleadings drafted by lawyers.* Haines v. Kerner, 404 U.S. 519 (1972).

> As said in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, L.Ed. 80, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *The Honorable United States District Judge; STEVEN D. MERRYDAY dismissed Case No.# 8:13-cv-2533-T-30MAP, this Court, as an unnecessary dismissal.* Castro v. United States, 540 U.S. 375, 381-82 (2003) (citations omitted), instructs that the purpose for looking beyond the label a PRO Se litigant attaches to a pleading is "to avoid an unnecessary dismissal".* Federal Courts have "an obligation to look behind

C/File

> Local Rule 1.05(c)

the label of a [pleading] filed by a pro se inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citations omitted). *Judge: STEVEN D. MERRYDAY did not comply with the Law.
> (See the Record)

> Federal Courts sit not to supervise jails/prisons but to enforce the Constitutional rights of all "persons", including prisoners.

* > Cause of action exists under Eighth Amendment U.S. Constitution. CRUEL AND UNUSUAL PUNISHMENT. "See the Record."

> Plaintiff is entitled to the Relief Requested. (20) Twenty Million dollars.

> People in prison, like other individuals, have the right to petition the Government for redress of

C/File

\* Page 4

> Fed. R. App. P. 3
> 28 U.S.C. § 1915(g)(h)

grievances which, of course, includes 'access of prisoners to the Courts for the purpose of presenting their Complaints.' \* Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed. 2d 142, aff'g Gilmore v. Lynch, 319 F.Supp. 105 (ND Cal.).

> Plaintiff is entitled to the relief requested. (SEE THE RECORD).

Thank You.

\* Randy Allen Hart #2138649/Pro se
Randy Allen Hart #2138649/Pro se
Polk County Jail/South County
2390 Bob Phillips Road.
Bartow, Florida. 33830
Feburary 20, 2022
LT. Rudolph
LT. Dort
\* ofc. Mendez
ofc. Justice
Sheriff. Judd
28 U.S.C. § 1915(g)(h)

(South County Jail)

C/File