UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY ALLEN HART,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 8:22-cv-483-SDM-AEP

GRADY C. JUDD, JR., *et al.*,

    Defendants.
_____/

## **ORDER**

Hart filed a civil rights complaint but failed to pay the filing fee. Therefore, Hart attempts to proceed *in forma pauperis*. However, Hart is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*,

144 F.3d 719, 732 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Hart's actions that qualify as a "strike" under Section 1915(g) include: *Hart v. Judd*, 8:11-cv-1590-T-33TBM, *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP; *Hart v. Knight*, 8:16-cv-1337-T-33JSS; *Hart v. Hays*, 16-cv-1391-T-17TGW; *Hart v. Murphy*, 8:16-cv-1976-MSS-MAP; *Hart v. Fla. Dep't of Corr.*, 8:16-cv-2109-SDM-AEP; *Hart v. Auburndale Police Dep't*, 8:18-cv-2117-SDM-AEP; *Hart v. Auburndale Police Dep't.*, 8:20-cv-1796-WFJ-TGW; and *Hart v. Grady Judd*, 8:21-cv-1620-WFJ-JSS.

Because he has had three or more dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Hart is not entitled to proceed *in forma pauperis*. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Hart may initiate a new civil rights action by both filing a civil rights complaint and paying the $402.00 filing fee.

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(g) without prejudice to a new action, a new case number, and the payment of the $402.00 filing fee. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on March 21, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE